**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | CV 09-00143-MMM (FFMx) |
| | Date  June 8, 2009 |
| Title | *Hamish Angus v. Transnational Automotive Group, Inc. et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                          None

**Proceedings:**   **Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction**

Plaintiff Hamish Angus, a citizen of British Columbia, has sued defendants Transnational Automotive Group ("TAG"), Holladay Stock Transfer, Inc. ("Holladay"), and Stephen Wilshinsky, alleging conversion, tortious interference with contract or business expectancy, wrongful transfer of securities, and negligence. Plaintiff asserts that on October 31, 2006, TAG, acting on Wilshinsky's instruction, transferred 2.65 million shares of TAG stock owned by him to an undisclosed third party. The transfer was executed by defendant Holladay. Plaintiff contends he neither consented to transfer of, nor was compensated for, the shares.

Plaintiff asserts that the court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. 267 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996).

Plaintiff's complaint alleges that Wilshinsky is a California resident.[1] There is a difference between citizenship and residency. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . The natural person's state citizenship is . . . determined by her state of domicile, not her state

---

[1] Complaint, ¶ 4.

of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. See *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. See, e.g., *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ('Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile')"). Because plaintiff fails to specify Wilshinsky's citizenship, he has not carried his burden of demonstrating that complete diversity exists. See *Kanter*, 265 F.3d at 857-58 ("Since the party asserting diversity jurisdiction bears the burden of proof, see *Lew*, 797 F.2d at 749, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction").

The court is under a *sua sponte* duty to examine its own jurisdiction, and cannot grant relief where jurisdiction is not present. *United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002) ("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction," citing *Marbury v. Madison*, 5 U.S. 137, 173-74 (1803)). Consequently, the court orders plaintiff to show cause in writing, on or before **Thursday, June 11, 2009**, why it should not dismiss the action for lack of subject matter jurisdiction.